**Leonard A. COHEN**

**v.**

**The UNITED STATES.**

**No. 380–68.**

United States Court of Claims.

Nov. 14, 1973.

Allen Kirkpatrick, Washington, D. C., attorney of record for plaintiff.

Donald E. Townsend, Washington, D. C., with whom was Acting Asst. Atty. Gen., Irving Jaffe, for defendant.

Before COWEN, Chief Judge, KASHIWA and BENNETT, Judges.

## OPINION

### PER CURIAM:

This case comes before the court on defendant's motion, filed September 14, 1973, that the court adopt as the basis for its judgment in this case the recommended decision, filed August 2, 1973, by Trial Judge Hal D. Cooper pursuant to Rule 134(h), plaintiff having on September 19, 1973, filed a response stating no objection to the defendant's said motion. Upon consideration thereof, without oral argument, since the court agrees with the Trial Judge's decision, as hereinafter set forth, it hereby grants defendant's motion and affirms and adopts the decision as the basis for its judgment in this case. Therefore, plaintiff is not entitled to recover and plaintiff's petition is dismissed.

## OPINION OF TRIAL JUDGE

### HAL D. COOPER, Trial Judge:

This is a suit for patent infringement pursuant to 28 U.S.C. § 1498 [1] involving reissue patent No. Re. 26,475, entitled "Composite Space Vehicle."

By agreement of the parties, the defense of intervening rights under 35 U.S.C. § 252 was severed and tried in advance of trial on the issues of validity and infringement. Based on the facts established at that trial, it is concluded that intervening rights have been established and are dispositive of this case.

Reissue patent No. Re. 26,475, granted October 8, 1968, is a reissue of U.S. Patent No. 3,173,627, granted March 16, 1965. The reissue patent discloses a space vehicle in which the occupant is rotated within the vehicle during periods of extreme acceleration or deceleration about an axis transverse to the direction of the acceleration or deceleration forces. In this way, the effective direction of the acceleration or deceleration forces on the internal organs and blood of the occupant is constantly changed, thereby substantially lessening the destructive effect of these forces. Rotation of the occupant is accomplished by providing a rigid support on which the occupant rests, with the support rotationally supported within the space vehicle. The axis of rotation of the rigid support substantially coincides with the longitudinal axis of the occupant.

The first seven claims of the reissue patent are identical to the seven claims appearing in the original patent and are directed to a space vehicle. The reissue patent contains an additional claim, claim 8, that did not appear in the original patent and which is not limited to a space vehicle.

The petition, as amended, alleged infringement of claims 5, 6 and 8 by human centrifuge systems located at various Air Force and NASA installations. Subsequently, plaintiff withdrew claims 5 and 6 from consideration and restricted the accused devices to the human centrifuge employing a special spin capsule installed at the School of Aerospace Medicine, Brooks Air Force Base, San Antonio, Texas. The case proceeded to trial with only claim 8 alleged to be infringed and the Brooks installation as the only accused device.

The accused structure consists of a special spin capsule adapted to be supported on the end of a centrifuge arm. The capsule consists of a cab that is supported for rotation in a circular direction relative to the arm. A seat, on which a human subject is supported, is secured to the floor of the cab. By rotating the centrifuge arm acceleration and deceleration forces ("g" forces) can be applied to the human in the capsule while, at the same time, the capsule can be spun, thereby permitting study of the effects of spinning on a human while he is subjected to these "g" forces.

---

1. The petition, as amended, also alleged a claim for compensation under 28 U.S.C. § 1491, asserting violation of an implied contract between plaintiff and defendant. No proof was offered in support of that claim and the parties have agreed that aspect of the case may be dismissed with prejudice.

The facts as to the Government's procurement and use of the Brooks centrifuge and the special spin capsule are not in serious dispute. The centrifuge itself was procured in 1963. The special spin capsule was ordered, delivered, installed, acceptance tested, and accepted, all prior to October 8, 1968, the issue date of the reissue patent. There has been no use of the special spin capsule subsequent to October 8, 1968; however, the capsule is presently in storage at Brooks.

■■ It is axiomatic that there can be no infringement of a patent prior to its issuance. Gayler v. Wilder, 51 U.S. (10 How.) 477, 492, 13 L.Ed. 504 (1850); Coakwell v. United States, 372 F.2d 508, 178 Ct.Cl. 654, (1967). Nor can there be infringement of a claim added to a reissue patent unless the infringing activities occurred after the reissuance of the patent. Daniel v. O & M Mfg. Co., 105 F.Supp. 336 (S.D.Tex. 1952). See Sontag Chain Stores Co. v. National Nut Co. of Calif., 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204 (1940); Southern Saw Service v. Pittsburgh-Erie Saw Corp., 239 F.2d 339 (5th Cir. 1956), cert. denied, 353 U.S. 964, 77 S. Ct. 1047, 1 L.Ed.2d 914 (1957). Since the acts of procurement and use of the accused equipment occurred prior to the reissuance of the patent in suit, those acts cannot as a matter of law give rise to any liability on the part of the Government, even if claim 8 is otherwise valid and infringed.

However, in Coakwell v. United States, supra, it was held that articles procured before the grant of a patent, but available for use after issuance of the patent, constituted an infringing use. See also, Olsson v. United States, 25 F.Supp. 495, 87 Ct.Cl. 642 (1938), cert. denied, 307 U.S. 621, 59 S.Ct. 792, 83 L.Ed. 1500 (1939). In this case, there is no dispute that the special spin capsule, although presently disassembled,

is available for use with the centrifuge should the Government elect to so use it.

Defendant contends, however, that, by reason of its procurement of the specific accused structure prior to the grant of the reissue patent, it has acquired intervening rights which immunize continued use of that structure from a claim of infringement. The defense of intervening rights is based on 35 U.S.C. § 252 which provides, in pertinent part:

\* \* \* \* \* \*

No reissued patent shall abridge or affect the right of any person or his successors in business who made, purchased or used prior to the grant of a reissue anything patented by the reissued patent, to continue the use of, or to sell to others to be used or sold, the specific thing so made, purchased or used, unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. \* \* \*

■ Under this provision, one who, prior to the grant of a reissue patent, makes or procures or uses something that does not infringe a claim of the original patent, has the right to continue using the specific thing so made, procured or used without regard to the reissue patent. Southern Saw Service v. Pittsburgh-Erie Saw Corp., supra.

■ This rule of intervening rights is applicable here. Having acquired the accused structure during the intervening period between the original patent and the reissue patent, and there being no allegation of infringement of any of the claims appearing in the original patent, defendant is to be accorded intervening rights as to that structure and is free of liability for its use thereof.

The only remaining matter is defendant's contention that it should be permitted to repair the spin capsule to restore it to its original operable condition[2] and to use the capsule, as repaired, without liability to plaintiff. Plain-

2. This would require reassembly of the seat into the capsule, replacing the wiring and reconnecting the hydraulic system and instrumentation.

tiff concedes that defendant may repair the capsule to the form used prior to October 8, 1968, but urges that defendant should not have the right to modify it to any other form. In particular, plaintiff contends that defendant should not be permitted, under the guise of "repair," to modify the capsule so that the back rest of the seat, in an upright position, is at less than 13° to the vertical.[3]

The doctrine of intervening rights, as set forth in 35 U.S.C. § 252, is limited to the "specific thing" purchased or used prior to grant of the reissue patent. This doctrine does not authorize the modification of that "thing" to a different form. Nor has defendant presented any evidence that would indicate that, for it to protect its investment in the spin capsule, modifications of any kind are required. Accordingly, to the extent defendant premises its right to use the spin capsule without liability to plaintiff on the defense of intervening rights, it must restrict its repair of the capsule to the arrangement in which it was procured, i. e., with the back rest of the seat at an inclination of 13° to the vertical.

In summary, it is concluded that, being possessed of intervening rights in the accused special spin capsule, defendant has the right to repair it to the form in which it was originally procured and to use it in that form for its originally intended purpose, subject only to the requirement that its use does not infringe an original valid claim of patent No. 3,173,627 which is incorporated into the reissue patent in suit.

Intervening rights being dispositive as to the only device accused, there is no need for a further trial to determine whether claim 8 is valid and, if so, infringed.

The petition must be dismissed.

---

3. The 13° inclination apparently is important to the issue of infringement. With the back rest at a vertical position, the axis of rotation of the capsule would coincide with the longitudinal axis of the human occupant and it is this concept that plaintiff alleges to have invented. With a 13° inclination to the back rest, the axis of rotation of the capsule and the long axis of the occupant are no longer exactly coincident. In a paper filed subsequent to the trial, plaintiff now suggests that the spin capsule may not infringe even claim 8 when used with a seat having a back rest at a 13° inclination.