**BLACK & DECKER (U.S.), INC. and Lockwood Products, Inc., Plaintiffs,**

v.

**HOME PRODUCT MARKETING, INC., Joseph V. Grobarek, and Carmen Giannini, Defendants.**

No. 95 C 5189.

United States District Court, N.D. Illinois, Eastern Division.

June 27, 1996.

---

**1116**

Raymond P. Niro, Niro, Scavone, Haller & Niro, Ltd., Chicago, IL, for Black & Decker.

Dean A. Dickie, D'Ancona & Pflaum, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

Before the Court is Black & Decker (U.S.), Inc. and Lockwood Products, Inc's. (collectively Black & Decker) Motion for Summary Judgment on the issue of patent infringement pursuant to Rule 56 of the Federal Rules of Civil Procedure. Black & Decker also requests that a permanent injunction be issued pursuant to 35 U.S.C. § 283 prohibiting further acts of infringement, if infringement is adjudged. For the reasons stated below, Black & Decker's Motions for Summary Judgment and Permanent Injunction are granted.

### Background

Black & Decker filed an Amended Complaint against Home Product Marketing, Inc., Joseph V. Grobarek, and Carmen Giannini (collectively "Home Product") on two counts, alleging patent infringement and asking for a declaratory judgment. Black & Decker moves the Court for summary judgment on

Count I of the Amended Complaint based upon Home Product making 75 flexible flashlights available to Sears Roebuck & Company and other retailers for unrestricted use.

### Facts [1]

Black & Decker designs and manufactures consumer products such as power tools and flashlights. In 1992, Black & Decker designed a flexible flashlight called the SnakeLight ™. Black & Decker has the sole and exclusive license under United States Patent Number 5,449,206, entitled "Ball and Socket Joint with Internal Stop" (hereinafter the '206 patent) for the inner core design used in the SnakeLight ™. This patent was issued on September 12, 1995, and covers the flexible core design which connects the battery pack to the head of the SnakeLight ™. The owner of the patent is Lockwood Products, Inc., the co-plaintiff in this case.

Home Product markets, imports, and distributes consumer products to retailers in the Midwest, and also serves as a manufacturer's representative for foreign manufacturers. Home Product represents GSL Companies of Hong Kong, which manufactures and sells consumer products, including the accused product called the "Grip Light", which allegedly copies the SnakeLight ™'s patented core design. In its 12(M) Statement of Uncontested Facts, Black & Decker submits that the Grip Light's design is a "carbon copy" of the flexible core licensed by Black & Decker under the '206 patent.

The '206 patent has a series of plastic ball and socket joints that prevents the ball from popping out of the socket when the flexible core is bent. Thus, the inner core enables the SnakeLight ™ to stand alone, support itself without being held, or to be twisted and bent to accommodate different needs. Additionally, a continuous passageway through the series of the ball and socket joints accommodates the electrical wiring from the battery to the head of the SnakeLight ™.

---

1. Home Product failed to submit a Local Rule 12(N) Statement contesting Black & Decker's Local Rule 12(M) Statement of Uncontested Facts. If the non-movant fails to comply with Rule 12(N), including the failure to submit a

12(N) Statement, the material facts as set forth in the 12(M) Statement are deemed admitted. *Knox v. McGinnis,* 998 F.2d 1405, 1408 n. 8 (7th Cir.1993).

■ Black & Decker alleges that the Grip Light has a flexible core that *literally* infringes Claims 1, 8, and 12 of the '206 patent.[2] Claim 1 is an independent claim describing the connector, including; the body, the socket engaging end surface, the internal socket receiving cavity, and a stop projecting from the body.[3] Black & Decker contends that the flexible core used in the Grip Light flashlights exhibits every limitation of Claim 1. Black & Decker further asserts that the Sears buyer involved in this immediate suit admits that Claim 1 reads literally on the accused design.[4] Claim 8, another independent claim, relates to the hose connector assembly. Specifically, the summary of the invention states: "[W]hen interconnected, the connectors form a continuous hose or conduit for carrying wire, fluid or other items."[5] Black & Decker contends that the Grip Light has every element of Claim 8 of the '206 patent.[6] The last claim in dispute is Claim 12, another independent claim, which describes a plurality of at least three connectors, which interconnect to form an assembly of connectors.[7] As with Claims 1 and 8, Black & Decker contends that the Grip Light literally infringes Claim 12 of the '206 patent.[8] Additionally, Black & Decker's 12(M) Statement of Uncontested Facts sets forth that Home Product and the GSL Group knowingly copied Black & Decker's core design.

Prior to the issuance of the '206 patent, Home Product requested and received commercial versions of the accused Grip Light from the GSL Group for use in marketing and soliciting sales. Then, Home Product demonstrated these commercial versions of the Grip Light to Sears and other retailers. Home Product distributed at least 75 of these flashlights to the retailers for unrestricted use. After the '206 patent was issued on September 12, 1995, Home Product did not restrict Sears' continued use of the flashlights. Home Product did not attempt to retrieve the samples or advise Sears or other retailers of the patent status until November 1, 1995. Black & Decker asserts that the infringing units have not been returned and thus unrestricted use continues.

In tandem with this litigation, Black & Decker brought suit in the United States District Court for the Eastern District of Virginia against GSL and other defendants for infringing the '206 patent. The Virginia court granted Black & Decker's Motion for Summary Judgment in part, ruling that the Grip Light infringed the '206 patent at the time the infringing products were delivered to the retailer, which occurred after the patent was issued on September 12, 1995. The Eastern District of Virginia also concluded that the infringing commercial samples still remain in the marketplace and, therefore, the samples are potentially infringing.[9]

### Summary Judgment Standard

■ Under the Federal Rules of Civil Procedure, summary judgment is appropri-

---

2. The '206 patent specification concludes with 17 claims, including the three in dispute. In general, "claims" comprise the concise definition of the invention. *See Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1258 (Fed.Cir.1989).

3. *Black & Decker's Memorandum in Support of its Motion for Summary Judgment*, Exhibit A, United States Patent 5,449,206, column 4, lines 43–66.

4. *Black & Decker's Statement of Uncontested Facts in Support of its Motion for Summary Judgment of Infringement*, ¶ 12.

5. *Black & Decker's Memorandum in Support of its Motion for Summary Judgment of Infringement*, Exhibit A, United States Patent 5,449,206, column 2, lines 8–10.

6. *Black & Decker's Statement of Uncontested Facts in Support of its Motion for Summary Judgment of Infringement*, ¶ 13.

7. *Black & Decker's Memorandum in Support of its Motion for Summary Judgment of Infringement*, Exhibit A, United States Patent 5,449,206, column 6, lines 6–7.

8. *Black & Decker's Statement of Uncontested Facts in Support of its Motion for Summary Judgment of Infringement*, ¶ 14.

9. *See Black & Decker v. GSL Eng'g, Ltd.*, Civil Action No. 95–1250–A (E.D.Va. Jan. 4, 1996). Defendants' motion for partial summary judgment was based on the assertion that they had removed the infringing core from products sold to the retailer. The Court concluded that subsequent activity to Black & Decker's filing of the law suit does not insulate GSL from liability. *Id.* at 3.

ate if "there is no genuine issue as to any material fact, and ... the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (*citing* FED.R.CIV.P. 56(c)). Summary judgment is then appropriate, unless there is sufficient evidence for a jury verdict in favor of the non-moving party. *County of Vernon v. United States*, 933 F.2d 532, 534 (7th Cir.1991). In deciding a motion for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991). Summary judgment on the issue of patent infringement is approached with great care. *C & F Packing Co., Inc. v. IBP, Inc. and Pizza Hut, Inc.*, 916 F.Supp. 735, 742 (N.D.Ill.1995).

■ The United States District Court for the Northern District of Illinois' Local Rule 12(M) requires the summary judgment movant to support its statements of material fact with citations to the record. *Armstrong v. United Airlines, Inc.*, 883 F.Supp. 1172, 1178 (N.D.Ill.1995). To establish a genuine issue for trial, the non-movant must strictly adhere to Local Rule 12(N), informing the court that a factual issue exists by responding to each numbered paragraph in movant's Rule 12(M) statement, showing disagreement with references to the record. *Id.* at 1177. If the party opposing the motion fails to comply with Rule 12(N), the consequence is that the material facts, as set forth in the 12(M) statement, are considered admitted. *Knox v.*

*McGinnis*, 998 F.2d 1405, 1408 n. 8 (7th Cir.1993); *Armstrong*, 883 F.Supp. at 1178.

### Discussion

#### A. Claim Construction.

■ First, an exclusive and sole licensee has sufficient interest in a patent to have standing to sue for patent infringement.[10] *See Ortho Pharmaceutical Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032 (Fed.Cir.) *cert. denied* —— U.S. ——, 116 S.Ct. 274, 133 L.Ed.2d 195 (1995).[11] The analysis of patent infringement involves two steps: (1) determining the meaning and scope of the patent claims asserted as being infringed, otherwise known as claim construction and interpretation; and (2) comparing the properly construed claims to the process or product accused of infringing. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed.Cir. 1995) (en banc), *aff'd*, —— U.S. ——, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); *C & F Packing Co.*, 916 F.Supp. at 742. The first inquiry is a question of law, whereas the second is a question of fact. *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed.Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 515, 133 L.Ed.2d 424 (1995).

■ The patent is a fully integrated instrument that by statute must provide a written description of the invention and the manner and process of making and using it that will enable any person skilled in the art to make and use the patent. 35 U.S.C. § 112, ¶ 1; *Markman*, 52 F.3d at 978. Section 112 of Title 35 also requires the applicant to conclude the specification of the patent with claims "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2, *Markman*, 52 F.3d at 978. "Claims" of a patent define the metes and

---

10. Home Product contends that Black & Decker does not have standing to sue for infringement because they are not a patentee and that the patentee is not a plaintiff. The patentee, Lockwood Products, Inc., was added as a plaintiff in the Amended Complaint; thus, Home Product's argument is moot.

11. Generally, the United States Court of Appeals for the Federal Circuit reviews procedural issues that are not unique to patent law under the law

of the regional circuit where the district court sits. *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 987 (Fed.Cir.1993). However, the law of the Federal Circuit and its predecessor courts controls substantive patent disputes pursuant to 28 U.S.C. § 1338. *See* 28 U.S.C. § 1295; *South Corp. v. United States*, 690 F.2d 1368, 1370 (Fed.Cir.1982). The predecessor courts' precedent can only be overruled by the Federal Circuit sitting *en banc*. *Id.* at 1370 n. 2.

bounds of the invention entitled to protection by the patent. *In re Warmerdam,* 33 F.3d 1354, 1360 (Fed.Cir.1994). An independent claim stands on its own and does not refer to any other claim; therefore, it is read separately when determining its scope. *C & F Packing Co.,* 916 F.Supp. at 742. The other type of claim, the dependent claim, references at least one other claim and incorporates the elements of the claims to which it refers. *Id.* at 742–43. It is the claims' wordings that are scrutinized in determining whether there has been a patent infringement. *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.,* 868 F.2d 1251, 1258 (Fed. Cir.1989).

 Claims describe the invention by a series of limiting words or phrases called "limitations". *Id.* Additionally, the patent's specification can act as an explanation of the invention and define terms critical to the claims. *Markman,* 52 F.3d at 979. Ultimately, to establish that an accused device infringes a patent, the plaintiff must show that every limitation set forth in a disputed claim or claims is found in the accused device exactly or by a substantial equivalent. *Johnston v. IVAC Corp.,* 885 F.2d 1574, 1577 (Fed.Cir.1989).

 Black & Decker asserts that the flexible core in the Grip Light *literally* infringes on the '206 patent, specifically Claims 1, 8, and 12.[12] Home Product does not dispute that these particular claims are at issue. Thus, the Court must determine the meaning and scope of Claims 1, 8, and 12. All three claims are independent and thus are read separately to determine the scope, however the Court also looks to the specification for guidance. "The entire specification, including all the claims, the prosecution, and the prior art may all affect the interpretation ultimately placed on claim language." *Amhil Enter. Ltd. v. Wawa, Inc.,* 81 F.3d 1554, 1559 (Fed.Cir.1996).

Nonetheless, Home Product failed to propose its own claim construction or submit a Local Rule 12(N) Statement contesting Black & Decker's Local Rule 12(M) Statement of Uncontested Facts. Therefore, Home Product has failed to offer any evidence to counter Black & Decker's claim construction and the subsequent infringement comparison. Thus, summary judgment is appropriate under these circumstances because there is no genuine issue as to any material fact.

Accordingly, the Court accepts Black & Decker's meaning and scope of Claims 1, 8, and 12, in other words, Black & Decker's claim construction. Also, the Court adopts Black & Decker's assessment of the infringement comparison, concluding that the Grip Light's flexible core is a "carbon copy" of the '206 patent and that the Grip Light includes every limitation as set forth in Claims 1, 8, and 12 of the '206 patent.

In support of this conclusion, the Court read independent Claims 1, 8, and 12 separately from the other claims, but within the specification of which they are a part. The claims at issue define the invention, including the connector, hose connector assembly, and plurality of connectors. Then, the Court thoroughly compared photocopies and drawings of the cores at issue and reviewed the claims' language and specifications.

Next, the Court examined the drawings of the accused core, which were created by cutting a sample of the Grip Light core and measuring its dimensions. The Court then compared the embodiments, the specification, and the claim language of the '206 patent and thus concludes that every limitation is present in the accused design.[13] Also, a comparison of color photocopies, which represent both core designs along their longitudinal axes, reveals that the two are indistinguishable.[14] In further support of the Court's conclusion, the Sears buyer involved in this immediate suit, Frank Wysaski, admits that the Grip Light core is a copy of the Snake-

---

**12.** Because Black & Decker asserts literal infringement, a substantial equivalency analysis is unnecessary.

**13.** *Compare Black & Decker's Memorandum in Support of its Motion for Summary Judgment of*

*Infringement,* Exhibit A, United States Patent 5,449,206, column 4, lines 43–66 with Exhibit I.

**14.** *See Black & Decker's Memorandum in Support of its Motion for Summary Judgment of Infringement,* Exhibit E.

Light™ core and that it infringes the '206 patent.[15] Last, the Court may also consider related prosecution, including the Eastern District of Virginia's finding that the core design of the Grip Light is covered by the '206 patent.[16]

In sum, the Court concludes that the accused device, the core of the Grip Light, embodies every limitation in the claims at issue of the '206 patent. Therefore, Home Product's Grip Light has a flexible core that literally infringes Claims 1, 8, and 12 of the '206 patent.

## B. *Home Product's Liability.*

Black & Decker asserts that Home Product both directly infringed and induced infringement of the '206 patent. To establish what constitutes an act of infringement and the infringer's liability, 35 U.S.C. § 271, Patents and Protection of Patent Rights—Infringement of Patents, is analyzed. This statute provides in pertinent part:

(a) Except as otherwise provided in this title, whoever without authority **makes, uses, offers to sell, or sells** any patented invention, within the United States ... infringes the patent.

(b) Whoever **actively induces infringement** of a patent shall be liable as an infringer.

35 U.S.C. § 271(a) & (b) (emphasis added).[17]

■ It is a common principle in patent law that there can be no infringement of a patent prior to its issuance. *Cohen v. United States,* 487 F.2d 525, 527 (Ct.Cl.1973).[18] Relating to direct infringement, § 271(a) "prohibits, on its face, any and all uses of a patented invention." *Roche Prod. Inc. v. Bolar Pharmaceutical Co., Inc.,* 733 F.2d 858, 861 (Fed.Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984).[19] Under 35 U.S.C. § 271(a), only one of the enumerated activities; making, using, or selling a patented invention, is required for infringement. *Id.*

In analyzing the alleged infringement by Home Product, the relevant time period is after the issuance of the patent, September 12, 1995. The Court notes that the initial activity alleged as infringement by Black & Decker occurred before the '206 patent's issuance. However, much of the alleged infringing activity continued after the '206 patent was issued. Thus, the Court looks to the facts, as admitted, for indications that Home Product made, used, or sold the infringing product, the Grip Light, after the issuance of the '206 patent.

■ After carefully analyzing the facts, the Court concludes that Black & Decker has not shown that Home Product *directly* infringed the '206 patent *after* its issuance. There is no indication in the record of this case that Home Product, via GSL, made additional cores, nor that they used or sold them after the issuance. However, there is factual support that Home Product induced infringement by providing at least 75 Grip

---

**15.** *Black & Decker's Memorandum in Support of its Motion for Summary Judgment of Infringement,* Deposition of Frank Wysaski, Exhibit B, pages 5–6.

**16.** *See Black & Decker v. GSL Eng'g, Ltd.,* Civil Action No. 95–1250–A (E.D.Va. Jan. 4, 1996).

**17.** The language "offers to sell" in subsection (a) was added per the 1994 Amendments to 35 U.S.C. § 271 on December 8, 1994. *See* Pub.L. 103–465, Title V, § 533(a)(1), 108 Stat. 4988. The 1994 Amendments became effective on January 1, 1996, after this suit was filed. Therefore, the Court will analyze the statute as written prior to January 1, 1996, which excluded the language "offers to sell". Additional language was added to 35 U.S.C. § 271(a) pursuant to the 1994 Amendments, including language regarding the importing of patented inventions during the term of the patent. 35 U.S.C. § 271(a).

**18.** The United States Court of Claims is a predecessor court to the United States Court of Appeals for the Federal Circuit. *South Corp. v. United States,* 690 F.2d 1368, 1370 (Fed.Cir. 1982).

**19.** The 1984 Amendments to 35 U.S.C. § 271 enacted new legislation under subsection (e)(1), which superseded the holding of *Roche Prod. Inc. v. Bolar Pharmaceutical Co., Inc.,* 733 F.2d 858, 861 (Fed.Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984). *See Eli Lilly and Co. v. Medtronic, Inc.,* 872 F.2d 402, 404 (Fed.Cir.1989), *aff'd,* 496 U.S. 661, 110 S.Ct. 2683, 110 L.Ed.2d 605 (1990). Section 271(e)(1) substantively relates to patented drug products. *Id.* However, § 271(e)(1) of Title 35 *does not* indirectly overrule the procedural discussion in *Roche.*

Light flashlights to retailers for unrestricted use prior to the patent's issuance and then did not attempt to retrieve the infringing products after the patent was issued.

■■■■ Pursuant to 35 U.S.C. § 271(b), an alleged infringer may be liable for knowingly inducing infringement. *Manville Sales Corp. v. Paramount Sys. Inc.,* 917 F.2d 544, 553 (Fed.Cir.1990). "The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *Id.* As a matter of law, inducement of infringement does not reach actions taken before the patent is issued. *National Presto Indus., Inc. v. West Bend Co.,* 76 F.3d 1185, 1196 (Fed. Cir.1996). Additionally, liability for active inducement of infringement is dependent upon the existence of direct infringement in the first instance. *Joy Tech., Inc. v. Flakt, Inc.,* 6 F.3d 770, 774 (Fed.Cir.1993).

Once again, the Court takes notice that Home Product did not submit a Rule 12(N) Statement refuting Black & Decker's asserted facts; therefore, the material facts as set forth in the 12(M) Statement are considered admitted. Based on the facts as admitted, the Court concludes that, although Home Product initiated some of the inducing actions prior to the patent issuance on September 12, 1995, Home Product knew or should have known that its actions after the issuance of the '206 patent induced actual infringement by the retailers.

Initially, direct infringement is required for a showing of inducing infringement. Acts and omissions by Home Product after the issuance of the '206 patent led to the retailers having ***unrestricted use*** of the infringing product, which certainly constitutes direct infringement under 35 U.S.C. § 271(a).[20] Before the patent was issued,

Home Product requested and received commercial versions of the Grip Light used for soliciting sales, which it distributed to Sears and other retailers for unrestricted use. After the '206 patent was issued, Home Product did not attempt to retrieve the samples, hence it induced Sears to use the infringing units to solicit sales of the Grip Light.

Additionally, Home Product and the GSL Group knowingly copied the core design used in the '206 patent. The Court also concludes that Home Product knew, or should have known, that its actions would induce actual infringement, especially after being put on notice by other similar or related lawsuits pending.[21] Therefore, Black & Decker actively induced Sears to infringe the '206 patent after its issuance on September 12, 1995, and is thus liable as an infringer.

### C. *Permanent Injunction.*

■■■■ Black & Decker has asked the Court to permanently enjoin Home Product from future infringement of the '206 patent, especially due to the infringing units that remain in the marketplace. A district court has discretion in granting injunctions to prevent the violation of any right secured by a patent. 35 U.S.C. § 283; *W.L. Gore & Assoc., Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1281 (Fed.Cir.1988). The court customarily issues an injunction when infringement has been adjudged. *Richardson v. Suzuki Motor Co., Ltd.,* 868 F.2d 1226, 1247 (Fed.Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989). Thus, an injunction is appropriate unless there is a specific reason for denying it. *W.L. Gore,* 842 F.2d at 1281.

■■■■ It is contrary to the laws of property to deny a patentee's right to exclude others from the use of his or her property. *See Richardson,* 868 F.2d at 1246–47. In view of the Court's conclusion that Home Product

---

**20.** Congress has never defined the word "use" under § 271(a); thus it has become a matter of judicial interpretation. *Roche Prod. Inc. v. Bolar Pharmaceutical Co., Inc.,* 733 F.2d 858, 861 (Fed. Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984). However, few cases discuss the question of whether a particular use is an infringing use under § 271(a), although some cases intimate that "use" has never been taken to its "utmost possible scope". *Id.*

**21.** *See Black & Decker v. International Sales & Marketing,* 36 U.S.P.Q.2d 1851 (C.D.Cal.1995) (relates to trade dress and copyright infringement of the SnakeLight ™). *See also Black & Decker v. GSL Eng'g, Ltd.,* Civil Action No. 95–1250–A (E.D.Va. Jan. 4, 1996).

induced the retailers to infringe the '206 patent, it also concludes that Black & Decker has the right to exclude others from the use of the patent as the exclusive and sole licensee. This stands to reason, as the infringer should not have the right to benefit from subsequent infringing conduct. Moreover, the facts do not indicate that there are special reasons exempting Home Product from a permanent injunction. Therefore, the Court concludes that Black & Decker is entitled to a permanent injunction against further infringement by Home Product of the '206 patent.

### Conclusion

The Court concludes that the flexible core used in the Grip Light literally infringes Claims 1, 8, and 12 of the United States Patent Number 5,449,206, entitled "Ball and Socket Joint with Internal Stop", of which Black & Decker is the sole and exclusive licensee. Further, the Court concludes that Home Product induced Sears to infringe the '206 patent by allowing the unrestricted use of the Grip Light for solicitation and marketing of the infringing flashlights. Finally, the Court grants Black & Decker's request to permanently enjoin Home Product from future infringement of the '206 patent.